# IN THE COURT OF APPEALS OF IOWA

No. 24-1984
Filed December 17, 2025

**NEWREZ LLC, d/b/a SHELLPOINT MORTGAGE SERVICING,**
        Plaintiff-Appellee,

**vs.**

**LYNAE D. MCMILLEN DICKEY TESDALL,**
        Defendant-Appellant,

**and**

**DONALD S. AEGERTER, SPOUSE OF DONALD S. AEGERTER and SPOUSE OF LYNAE D. MCMILLEN DICKEY TESDALL,**
        Defendants.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Rustin Davenport, Judge.

        A homeowner appeals the grant of summary judgment to the lender in a foreclosure action. **AFFIRMED.**

        Michael G. Byrne (argued) of Winston & Byrne, P.C., Mason City, for appellant.

        Matthew E. Laughlin (argued), David M. Erickson, Katelynn T. McCollough, and Steffi S. Lee Dwyer (until withdrawal) of Dentons Davis Brown PC, Des Moines, for appellee.

        Heard at oral argument by Tabor, C.J., and Badding and Sandy, JJ.

**TABOR, Chief Judge.**

Buyer beware your co-buyer; that twist on *caveat emptor* is an apt maxim for this case. Lynae Tesdall bought a house with Donald Aegerter in Mason City. She and Aegerter both signed a purchase money mortgage, but Aegerter alone signed the loan. After Aegerter moved out and defaulted on the house payments, the lender[1] sent a notice of the right to cure to Aegerter at both the Mason City house and his new address in Waterloo. The lender did not notify Tesdall. Facing the loss of her house, Tesdall asserted that the lender's failure to give her notice of the right to cure violated Iowa Code chapter 654 (2023) and prevented foreclosure. On the undisputed facts, the district court found Tesdall was not a borrower in default and so not entitled to notice of the right to cure. She contests that grant of summary judgment. Finding the lender is entitled to judgment as a matter of law, we affirm.

I.      **Facts and Prior Proceedings**

On June 5, 2019, Tesdall and Aegerter obtained a warranty deed for a house in Mason City, conveyed by the sellers to them as "joint tenants with full rights of survivorship and not as tenants in common." A closing statement summarized the purchase. It shows the purchase price and other closing costs; only Aegerter signed as "buyer," though two buyer lines appeared.

On June 21, the parties executed a purchase money mortgage. That document, prepared by the lender, defined "borrower" as "Donald S. Aegerter, a

---

[1] The original lender was Wells Fargo Bank, N.A. It sold the loan to Newrez, L.L.C., doing business as Shellpoint Mortgage Servicing, and the court substituted the parties. Because the factual and procedural backgrounds span periods when Wells Fargo was still involved, we refer to the appellee as the lender.

single person; Lynae D McMillen Dickey Tesdall, a single person; as Joint Tenants. Borrower is the mortgagor under this Security Instrument." Both Aegerter and Tesdall signed the purchase money mortgage. The same day, Aegerter signed a promissory note for a loan of $260,775, the purchase price of the house. The note set out the loan amount, the interest rate, and the terms of repayment. Tesdall did not sign the promissory note.

Tesdall has lived at the Mason City house since 2019. In November 2021, Aegerter moved to a new residence in Waterloo. He did not inform the lender of his change of address. But the lender obtained his new address from the United States Postal Service. Meanwhile, Aegerter didn't make payments on the note.

Because the borrower failed to repay the loan as required, in August 2022, the lender sent notices of right to cure to both the Mason City house and Aegerter's new Waterloo address. Both letters were addressed to Aegerter with a return address from "Wells Fargo Home Mortgage." The lender reported it "only mailed its notice of right to cure documents to Mr. Aegerter because he is the only individual who obtained the loan that is the subject of this foreclosure action." The overdue amount was $6,110.54.

Tesdall reported that she never received notice of the right to cure at the Mason City house and alleged the lender was required to notify her as a "borrower" under Iowa Code section 654.2D, which provides protections for homesteads. According to Tesdall, she believed when she signed the mortgage that she was entitled to notice to cure before the lender could start a foreclosure action. But when she contacted the lender, it refused to give her information about the defaulted loan. Tesdall also asserted that the lender's failure to provide her with

notice of right to cure prevented her from arranging financing to pay the default. She provided documents to show she had enough money in her accounts to pay.

The lender filed this foreclosure action in February 2023, and the court initially granted summary judgment for the lender. Finding "[t]he fighting issue is legal and not factual," the court determined:

> The terms of the mortgage provide that Tesdall . . . "is not personally obligated to pay the sums secured by this security instrument." . . . If Tesdall is not obligated to pay the sums due under the note, then she did not "borrow" the funds. Nor is she "in default" if she was not required to pay in the first place.

The court thus found Tesdall was not a borrower and not entitled to a notice to cure under section 654.2D(2). But on Tesdall's motion to reconsider, the court reversed itself, finding that the statute's "failure to define 'borrower' does leave the door open a crack . . . . [W]here Tesdall is designated as a 'borrower' on the mortgage itself, the court should not have narrowed the term so drastically." Thus, it found whether Tesdall is a "borrower" should be resolved by a fact finder.

After more discovery, the parties filed new cross-motions for summary judgment. This time, the district court[2] determined that section 654.2D(2) only required the lender to send notice of the right to cure when the borrower is in default. The court found that because Tesdall was not personally obligated to pay, she was "not a borrower in default" and was not entitled to notice.[3] The court denied a motion for reconsideration and entered a foreclosure decree.

---

[2] At the hearing on the second motion for summary judgment, handled by a different judge, the court asked what was different now on this exclusively legal question. The lender said nothing was different, and the court warned the parties that it was free to depart from the earlier decision.

[3] The district court also found summary judgment was proper because the lender satisfied the statute by providing notice to one borrower and because Tesdall did

Tesdall appeals, asking us to reverse the district court on the second summary judgment ruling and enter summary judgment in her favor, dismissing the foreclosure action.

## II.    Scope and Standard of Review

The parties dispute the standard of review.  Tesdall contends our review is de novo because the case was "tried in equity."  True, "[f]oreclosure proceedings are typically tried in equity" and reviewed de novo.  *Freedom Fin. Lender v. Est. of Boesen*, 805 N.W.2d 802, 806 (Iowa 2011); Iowa R. App. P. 6.907.  But "[t]his appeal . . . is from an order granting summary judgment," so our review "is for correction of errors of law."  *Freedom Fin. Lender*, 805 N.W.2d at 806.  We also review statutory interpretation and construction for correction of errors at law. *Cnty. Lender v. Shalla*, 20 N.W.3d 812, 818 (Iowa 2025).

The court's grant of summary judgment is appropriate only if the record— including pleadings, depositions, interrogatories, admissions, and affidavits— shows no genuine issue as to any material fact.  *McClure v. E. I. du Pont de Nemours & Co.*, 23 N.W.3d 33, 40 (Iowa 2025); Iowa R. Civ. P. 1.981(3).  If on those undisputed facts the moving party is entitled to judgment as a matter of law, summary judgment is appropriate, and we affirm.  *McClure*, 23 N.W.3d at 40.  We view the parties' submissions in the light most favorable to the party opposing summary judgment.  *Id.*  That includes taking all reasonable inferences favoring that party.  *Id*.  Summary judgment is proper when the parties dispute a purely legal issue.  *Dostart v. Columbia Ins. Grp.*, 20 N.W.3d 225, 229 (Iowa 2025).

---

not show that she was substantially prejudiced by the lack of notice of the right to cure.  We need not address these alternative grounds.

Before diving into the merits, we must clarify whether the question here is purely legal. Tesdall variously argues that this appeal presents a legal question and we should enter summary judgment ruling in her favor. And that "summary judgment should be reversed as a matter of disputed facts," seeking remand for a jury to decide on the "disputed definition of borrower under the statute and the real estate mortgage." At oral argument, Tesdall continued to assert that whether she is a borrower is a factual matter that can be determined by the jury. But we find the material facts of this case are undisputed, and we're confronted with a purely legal question. *See Rilea v. State*, 959 N.W.2d 392, 393 (Iowa 2021).

## III.  Discussion

Tesdall contends she is a borrower under Iowa Code section 654.2D because she signed the purchase money agreement and is an owner of the property securing the loan, even if she did not sign the promissory note. In her view, this interpretation of the statute and loan agreements advances the purpose of chapter 654, to protect homestead property by giving homeowners the chance to cure a default before foreclosure.

The lender concedes that the definition section of the mortgage identifies both Aegerter and Tesdall as borrowers, "which causes initial confusion." But the lender explains that mortgages and promissory notes are "two distinct documents" even though they are used in tandem. And, as the lender emphasizes, "the core of the issue on appeal is whether Tesdall is a borrower as used, but undefined, in Iowa Code chapter 654."

Indeed, this appeal focuses on Iowa Code section 654.2D, which provides the means for a lender to foreclose on nonagricultural property but requires allowing the borrower to pay the arrears first.

> A creditor who believes in good faith that a borrower on a deed of trust or mortgage on a homestead is in default shall give the borrower a notice of right to cure as provided in section 654.2B. A creditor gives the notice when the creditor delivers the notice to the consumer or mails the notice to the borrower's residence as defined in section 537.1201, subsection 4.

Iowa Code § 654.2D(2).

So whom did the legislature intend to include when it referred to "the borrower" in that code provision? The chapter does not define the term. But to ascertain legislative intent, "[t]he first step . . . is to look at the statute's language." *Zimmer v. Vander Waal*, 780 N.W.2d 730, 733 (Iowa 2010) (citation omitted). When interpreting statutes, our goal is "to determine the ordinary and fair meaning." *Shalla*, 20 N.W.3d at 818 (citation omitted). "We consider the relevant statutes as a whole and in context and not just isolated words and phrases." *Id*. (cleaned up). "Generally, when we conclude the express language of the statute is plain and the meaning is clear, we need not proceed any further with our analysis." *Id*. (citation omitted). "If the language of the statute is ambiguous or vague, we may resort to other tools of statutory interpretation." *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020) (cleaned up). When the legislature fails to define a term, we apply its ordinary meaning. *State v. Davis*, 922 N.W.2d 326, 330 (Iowa 2019). We can also "refer to prior decisions . . . , similar statutes, dictionary definitions, and common usage." *Carreras v. Iowa Dep't of Transp.*, 977 N.W.2d 438, 446 (Iowa 2022) (cleaned up).

To aid our statutory interpretation, both parties cite Black's Law Dictionary for an ordinary definition of "borrower": "A person or entity to whom money or something else is lent." *Borrower*, Black's Law Dictionary (12th ed. 2024). Another dictionary provides: "a person or organization that borrows something, especially money from a bank." *Borrower,* Cambridge Online Dictionary, https://perma.cc/V9EW-EMG5. The verb to "borrow" is "to get or receive something from someone with the intention of giving it back after a period of time" or "to take money from a bank or other financial organization and pay it back over a period of time." *Borrow*, Cambridge Online Dictionary, https://perma.cc/29YX-DWRF.

And although chapter 654 doesn't provide a definition, we may borrow from other parts of Iowa Code. For example, chapter 524—the Iowa Banking Act— offers this definition: "'Borrower' means a person named as a borrower or debtor in a loan or extension of credit, or any other person, including a drawer, endorser, or guarantor, deemed to be a borrower under section 524.904, subsection 3."[4] Iowa Code § 524.103(12). Under that definition, the borrower is the person named in the loan or agreement extending credit.

---

[4] Tesdall also argues she qualifies as an "other person . . . deemed to be a borrower under section 524.904, subsection 3." *Id.* That provision allows lenders to loan or extend credit to a "borrower" only in a limited amount if it is secured by a mortgage on certain land including single-family residences. *Id.* § 524.904(3)(b). It does not expand the definition of "borrower." Rather, it comports with the chapter's definition that a borrower receives a "loan" or an "extension of credit" with an "obligation . . . to repay the funds or repay[] from specific property pledged by the borrower." *Id.* § 524.904(1). Thus, the provision does not support Tesdall's argument that she is "deemed" a borrower under chapter 654.

From these definitions, the lender asserts that, even if Tesdall agreed to secure the loan to Aegerter with her interest in the property, it did not loan her money or extend her credit, and she has no obligation to repay the money it lent to Aegerter. She did not sign the promissory note, so she did not agree to any of the obligations created under the note. Thus, she is not a borrower by the plain and ordinary meaning of that term.

Tesdall counters that by the terms of section 654.2D(2), notice of the right to cure must be given to "a borrower on the deed of trust or mortgage on a homestead." Under her interpretation, if the legislature intended to limit the notice protection to those who sign a promissory note, it would have said that. Tesdall argues that the lender should have considered her a borrower because she was identified as one in the purchase money mortgage. That document, prepared by the lender, lists Tesdall within the definition of borrower, and she signed it as a "borrower." Matching the language in section 654.2D(2), Tesdall insists that she is a borrower "on the mortgage."

But just being a borrower presupposes that an individual has taken out a loan or has an obligation to repay a note, so it would be redundant for the statute to describe a "borrower on the note." That reading is bolstered by the next three words of section 652.2D(2), which limit its application to a borrower who "is in default." A "default" is "[t]he omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due." *Default*, Black's Law Dictionary (12th ed. 2024). Thus, the provision applies to an individual who has been loaned money and has failed to repay the debt as required. Such an individual has borrowed "on" a deed of trust or mortgage by pledging the property if they do not

repay. Thus, we are persuaded that being "on" the mortgage under the statute is not as literal as being labeled in the document as a borrower, as Tesdall suggests. This interpretation of the statute gives each word a meaning and avoids redundancy. *See Vroegh v. Iowa Dept. of Corrs.*, 972 N.W.2d 686, 703 (Iowa 2022) ("Canons of statutory interpretation require that every word and every provision in a statute is to be given effect, if possible, and *not* deemed mere surplusage.").

Still, Tesdall contends that she is responsible for the debt even if she didn't sign the note. Under paragraph one of the mortgage, all borrowers agree to "pay when due the principal of, and interest on, the debt evidenced by the note." To find otherwise, according to Tesdall, opens the door for her exact situation: Aegerter defaulted on the debt, and Tesdall as the co-owner was ready to cure the default but had no opportunity to do so and now stands to lose her homestead.

In response, the lender returns to the distinctions and interplay between the mortgage and the promissory note. Tesdall only signed the "security instrument," the mortgage, not the "debt instrument," the note. The lender also points to paragraph thirteen of the mortgage, which addresses the role of "any borrower who co-signs this security instrument but does not execute the note." The co-signer agrees "only to mortgage, grant and convey the co-signer's interest in the property" but "is not personally obligated to pay the sums secured by this security instrument." The lender and the other borrowers on the mortgage who have signed the note "can agree to extend, modify, forbear or make any accommodations" on the mortgage or note "without the co-signer's consent." So although Tesdall is

labeled as a borrower in the mortgage, only Aegerter had an obligation to repay the note. Thus, only Aegerter had a right to notice under the statute.

As we work to settle the parties' debate, we have found few cases interpreting Iowa Code section 654.2D(2). In *AJR Peakview, Inc. v. First Lender of Nebraska*, debtors argued the court lacked subject matter jurisdiction because the lender failed to give notice of the right to cure before foreclosing. No. 16-1845, 2018 WL 542706, at *2 (Iowa Ct. App. Jan. 24, 2018). Our court found that the record showed the lender did give notice. *Id.* That case does not speak to our dilemma today.

Closer to our current facts, in *Christiana Lender & Tr. Co. v. Haddon*, a debtor took out a loan and mortgaged his house to the lender. No. 08-0406, 2009 WL 1219321, *2–3 (Iowa Ct. App. May 6, 2009). He then transferred the house to a third party, Haddon, based on a second, unrecorded mortgage. *Id.* When the lender moved to foreclose, Haddon argued that she was entitled to a notice of right to cure; in her view, the lender should have realized there was a new owner who required notice. *Id.* at *2. Our court found section 654.2D is unambiguous. *Id.* at *3. Because Haddon was not a party to the first mortgage, she was not entitled to notice as a "borrower." *Id.* Still, in that case, Haddon never claimed to be a "borrower," she only alleged a right of notice as the new owner. *Id.* at *2–3. Despite the factual differences, *Haddon* supports the view that individuals who are not parties to debt instruments aren't entitled to a notice of right to cure. And *Haddon* confirms that Tesdall's interest in the mortgaged property is insufficient to give her a right to a notice to cure.

Reiterating our position from *Haddon*, we find that the word "borrower" in section 654.2D(2) is unambiguous. From both its common usage and in the context of the statute, a borrower means someone who is loaned money with an obligation to repay. The notice to cure required under the statute applies to "a borrower on a deed of trust or mortgage . . . in default." Iowa Code § 654.2D(2). True, Tesdall pledged her interest in the house as security for the loan through the mortgage. But she is not a borrower on the mortgage because the lender did not make the loan to her. The mortgage terms explain that she has no obligation to repay, and that she only agreed to mortgage her interest in her house as security for the loan. Aegerter, as the only mortgagor who also signed the note, is the only "borrower on the . . . mortgage." *Id.* Aegerter is also the only person who "is in default" on the loan. *Id.* So he is the only person entitled to notice.[5] Thus, a co-owner of a homestead who agrees to secure a loan with the homestead but assumes no obligation to repay the debt does not benefit from the homestead protection offered in section 654.2D(2) of a notice of right to cure when the other co-owner defaults.

Reading the statutory terms beside the contractual terms, we find Tesdall was not entitled to a notice of right to cure. We see no legal error in the district court's conclusion that the lender was entitled to judgment as a matter of law.

**AFFIRMED.**

---

[5] At oral argument, counsel for the lender asserted that federal law prohibits disclosing personal and loan information to anyone other than the borrower on the loan. That assertion comports with Tesdall's report that when she tried to contact the lender about the loan, representatives refused to disclose any information because she was not the debtor.